# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE ORTEGA, | CASE NO. 1:10-cv-00061-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. A. YATES, et al., | (Doc. 8) |
| Defendants. | THIRTY-DAY DEADLINE |

### Screening Order

**I.      Screening Requirement and Standard**

Plaintiff Eddie Ortega, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 12, 2010. On July 21, 2010, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Summary of Amended Complaint

### A.     Allegations

Plaintiff is currently incarcerated at Pleasant Valley State Prison (PVSP), where the events at issue in this action occurred. Plaintiff alleges that Chief Medical Officer Igbinosa, Doctor Duenas, and Nurses Kratts and Adonis violated his rights under the Eighth Amendment of the United States Constitution by acting with deliberate indifference to his medical needs.

On July 9, 2006, Plaintiff began experiencing flu-like symptoms and within several days he felt worse. Plaintiff experienced dizziness, high fevers, severe head pain, chest pain, night sweats, chills, coughing, dehydration, and stomach, muscle, and joint pain. Plaintiff submitted a request for health care services, but he did not receive a response.

Plaintiff submitted three more requests and he was then summoned to see a nurse. Plaintiff was weighed and his temperature was taken. Defendants Kratts and Adonis then told Plaintiff that there was nothing wrong with him, even though he told them he felt awful, his ankles and wrists were swollen, he had chest pain, and he was having trouble breathing. Defendants provided him with aspirin but no other treatment.

A few days later, Plaintiff's breathing problems and chest pain worsened, he was coughing more, he had headaches and diarrhea, and he would wake up drenched in sweat but chilled. Plaintiff put in another request for health care and the nurse referred him to a doctor for evaluation. Plaintiff was seen by Defendant Duenas, who ordered an x-ray of his lungs.

Several days later, Defendant Duenas told Plaintiff that he had something on his lung and he had pneumonia. Plaintiff became dangerously ill the next day. His whole body ached, he had a high fever, he had a hard time breathing, he had stabbing pains in his joints and lower back, and he could barely walk. Plaintiff was transported to the prison's main hospital, where his blood was taken for testing. Plaintiff was then released back to his housing unit.

A number of days later, Defendant Duenas informed Plaintiff that he had Valley Fever and Defendant prescribed Diflucan. Plaintiff alleges that he has Hepatits C and because Diflucan adversely impacts the liver and kidneys, it is harmful for someone with liver disease. Plaintiff alleges that Defendant Duenas should have told him of the effects of Diflucan on his health.

Plaintiff's condition improved as weeks went by, although he did not fully recover. The Diflucan was discontinued after approximately one-hundred days, after which Plaintiff's fevers returned. Plaintiff felt nauseous most of the time, and he coughed regularly, experienced frequent headaches, and had pain in his lower back, right leg, and liver. Plaintiff had trouble breathing and his bones and joints ached.

Plaintiff saw Defendant Duenas again, but he was provided with only aspirin. Plaintiff alleges that since 2006, he has experienced the symptoms of Valley Fever numerous times. Plaintiff has been provided morphine and neurontin for chronic pain in his back, legs, and bones.

**B.     Medical Care Claims**

**1.     Legal Standard**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons

1 v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588
2 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

3       Further, liability may not be imposed under section 1983 against supervisory personnel for
4 the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129
5 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.
6 Supervisors may be held liable only if they "participated in or directed the violations, or knew of the
7 violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);
8 accord Starr v. Baca, ___ F.3d ___, ___, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11,
9 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School
10 Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204
11 (9th Cir. 1997).

12       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
13 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
14 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise
15 to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner
16 of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
17 deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
18 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official
19 does not act in a deliberately indifferent manner unless the official "knows of and disregards an
20 excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970
21 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or
22 intentionally interfere with medical treatment," or in the manner "in which prison physicians provide
23 medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other
24 grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a
25 prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm
26 in order for the prisoner to make a claim of deliberate indifference to serious medical needs.
27 McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
28 407 (9th Cir. 1985)).

**2.     Discussion**

The fact that Plaintiff contracted Valley Fever does not give rise to a claim under the Eighth Amendment.  To state a claim, Plaintiff must show that Defendants were deliberately indifferent to a serious risk of harm to his health.  Defendant Igbinosa was the Chief Medical Officer, and Plaintiff sets forth no facts suggesting that he was personally involved in Plaintiff's medical care or otherwise acted with deliberate indifference toward Plaintiff.

Defendants Kratts and Adonis took Plaintiff's temperature, weighed him, opined that there was nothing wrong with him, and sent him away with only aspirin.  While Defendants Kratts and Adonis may have been cursory and dismissive, the facts simply do not support a claim that they knowingly disregarded a substantial risk of harm to Plaintiff.  "Deliberate indifference is a high legal standard," Toguchi, 391 F.3d at 1060, and "[u]nder this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference,'" id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  In addition, given the circumstances of Plaintiff's ultimate diagnosis and course of treatment, there is no indication that a delay caused by Defendants Kratts and Adonis caused Plaintiff further harm.

Finally, Defendant Duenas ordered an x-ray at Plaintiff's initial visit, diagnosed Plaintiff with pneumonia a few days later, subsequently prescribed Diflucan when Plaintiff was diagnosed with Valley Fever, and provided aspirin on one occasion post-Diflucan treatment.  Although Plaintiff may believe that something beyond an x-ray should have been ordered at his first visit and that he should have been warned about the side effects of Diflucan in patients with Hepatitis C, this difference of opinion with Defendant Duenas does not provide a basis for the imposition of liability under section 1983.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  There is no indication that the course of treatment chosen by Defendant Duenas was medically unacceptable under the circumstances and that it was chosen in conscious disregard of an excessive risk to Plaintiff's health.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (quotation marks and citations omitted).

**III.    Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's amended complaint, filed July 21, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

///
///
///
///
///

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 7, 2011**                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE